**In re KENILWORTH SYSTEMS CORPORATION, Debtor.**

**Bankruptcy No. 882–82273–20A.**

United States Bankruptcy Court, E.D. New York.

Sept. 6, 1985.

---

Joseph M. Kraft, New York City, for Ernst Wille and Irving Tobin.

Robson, Miller & Osserman, New York City, for Kenilworth Corp.

## DECISION AND ORDER

ROBERT J. HALL, Bankruptcy Judge.

This matter came to be heard by order to show cause of Ernest Wille and Irving Tobin in this Chapter 11 bankruptcy. Movants complain that debtor refuses to deliver and then redeem stock in Kenilworth Corporation owed to them under Kenilworth's reorganization plan. In opposition, debtor argues that Wille's transfer of his claim to Tobin violates securities laws, and accordingly, 11 U.S.C. § 1145 prohibits distribution to Mr. Tobin. The court finds that 11 U.S.C. § 1145 does not preclude debtor's duty under its reorganization plan. Accordingly, the court hereby orders debtor to issue the stock due to Mr. Tobin, (Mr. Wille's assignee), and to offer redemption forthwith pursuant to the reorganization plan.

## FACTS

In July, 1983, Mr. Wille assigned his claim against Kenilworth to Mr. Tobin, and on November 5, 1984, the court approved the assignment. On July 22, 1985, the court determined that Kenilworth owed Mr. Wille $150,000 for a finder's fee. Pursuant to debtors confirmation plan approved by

the court on June 19, 1985, creditors were to receive one share of debtors stock for each three dollars of allowed debt, with a right to surrender the shares on September 7, 1985 against a sinking fund of $500,000.

## DISCUSSION

The issue in this case is whether the transfer of Wille's claim to Tobin, and Tobin's consequent efforts to obtain and redeem shares received for the claim violates 11 U.S.C. § 1145.

■ Generally, 11 U.S.C. § 1145 sets forth the application of the Securities Act of 1933, and state securities laws, to the issuance and resale of securities in bankruptcy reorganization. Few cases have interpreted the detailed provisions of 11 U.S.C. § 1145, but legislative history reveals that 11 U.S.C. § 1145 was intended to give both debtors and creditors of debtors' estates exemptions from securities laws. See Orlanski, The Resale of Securities Issued in Reorganization Proceedings and the Bankruptcy Reform Act of 1978, 53 AM.BANKR.L.J. 327–362. As to creditors, 11 U.S.C. § 1145(b) allows those who receive securities as part of a reorganization plan, exemptions from securities laws requirements for the resale of securities. Thus, 11 U.S.C. § 1145(b) promotes creditor acceptance of reorganization plans by allowing certain creditors to accept a reorganization with a view to reselling securities obtained under the plan. Weintraub & Resnick, Bankruptcy Law Manual ¶ 8.27.

11 U.S.C. § 1145(b) provides that only underwriters and issuers of stock must comply with securities laws. Under 11 U.S.C. § 1145(b)(1)(A) an entity is an underwriter, and thus ineligible for exemption, if it purchases a claim or interest for the purpose of receiving securities under a plan with a view to distribute those securities.

■ In this case, Wille did not purchase his claim with a view to distribute securities; he filed a proof of claim as an original claimant with a view to satisfaction of his finder's fee. Therefore, Wille is not an underwriter. As to Tobin, Kenilworth argues that he is a "purchaser" because he acquired Wille's claim as security for a debt. The court finds that even if Tobin is a "purchaser", he took Wille's claim with a view to redeeming shares, not distributing shares. Tobin's intention to redeem is manifested by this Order to Show Cause. Therefore, Tobin is not an underwriter, and 11 U.S.C. § 1145 is inapplicable to both Wille and Tobin.

■ Assuming, nonetheless, that the language of 11 U.S.C. § 1145(b) implies that Wille or Tobin might technically be an underwriter, legislative history reveals that 11 U.S.C. § 1145 was not intended to draw "technical" underwriters into the same net as "real" underwriters. The House Report states

The securities exemption section also governs the redistribution of securities received under the plan. These provisions are necessary because the rigidity of the securities laws conflicts with the need for flexibility in bankruptcy cases. In its simplest form, the issue is under what circumstances may recipients of securities issued under a reorganization plan resell securities in public markets without registering under section 5 of the Securities Act.

Under the securities laws, if securities are taken "with a view to distribution", then the recipient may not sell unless a registration statement is filed and an appropriate prospectus is provided. The S.E.C. views all creditors receiving more than 1% of the issue as underwriters. From a bankruptcy perspective, unless creditors are permitted to dispose of securities issued under the plan in a public market without filing a registration statement, the flexibility of the plan is impaired. Thus, the resale provisions allow resale by creditors that are not real underwriters. Underwriter is defined to include only the traditional underwriter covered under former Securities and Exchange Commission Rule 133. The technical statutory underwriter is excluded because of the restrictive impact on bankruptcy plans.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 237–38 (1977), U.S.Code Cong. & Admin. News, 1978, 5787, 6197. Thus, only "real" underwriters are subject to the registration requirements of the Securities Act. 5 Colliers on Bankruptcy ¶ 1145.02(2).

Assuming once again that Wille or Tobin is a "real" underwriter who intends to "distribute" shares, the court doubts that Kenilworth's obligation to Wille and Tobin would be affected by their status as underwriters. As underwriters, Wille and Tobin would owe no obligation to Kenilworth, but rather, to the buyers of their shares. Since Tobin wants his shares redeemed, there are no buyers to raise the issue of breach of 11 U.S.C. § 1145.

■ The court agrees with Kenilworth that Tobin is entitled to issuance of shares rather than Wille or his attorney, pursuant to the court's approval of assignment. Further, the confirmation plan provides that only the original holder of shares may participate in redemption, and therefore, only Tobin may redeem the shares against the sinking fund.

So Ordered.